■ NANCY H. ASHFORD, Respondent, v COUNTY OF SUFFOLK et al., Appellants, et al., Defendants.—In a wrongful death action, the defendants County of Suffolk, Suffolk County Police Department, District Attorney of Suffolk County, Suffolk County Sheriff's office and Robert Curran (hereinafter the Suffolk County defendants) appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Suffolk County (Jones, J.), entered April 3, 1985, as denied their cross motion for summary judgment dismissing the complaint as to them, and (2) so much of an order of the same court entered August 23, 1985, as, upon granting reargument, adhered to its original determination.

Ordered that the appeal from the order entered April 3, 1985, is dismissed, without costs or disbursements. That order was superseded by the order entered August 23, 1985, made upon reargument.

Ordered that the appeal of the defendant Suffolk County Sheriff's office from the order entered August 23, 1985 is dismissed, without costs or disbursements. That defendant is not aggrieved by the order since it dismisses the complaint against it (CPLR 5511).

Ordered that the order entered August 23, 1985, is otherwise affirmed insofar as appealed from, without costs or disbursements.

The plaintiff instituted this wrongful death action sounding in negligence based upon the December 7, 1980, homicide of her husband, the decedent Hugh James Ashford. The decedent, a chiropractor, had treated Robert Cohen, who, in May 1980, allegedly assaulted him for no apparent reason and threatened to kill him. Cohen was arrested by the Suffolk County Police Department after the decedent reported the

incident. Thereafter, Cohen apparently failed to appear for his arraignment, and an arrest warrant was issued but never executed. According to the amended verified complaint and the deposition of the plaintiff, in November 1980, the defendant Robert Curran, an Assistant District Attorney, contacted the decedent and discussed the dropping of charges and Cohen's psychiatric care and that the decedent had no reason to further fear him. In December 1980, Cohen apparently shot the decedent and then committed suicide. This action ensued, and the plaintiff asserted the following allegations in her complaint against the Suffolk County defendants:

"23. On or about November 15, 1980, the defendant, Robert Curran, made false statements to Hugh James Ashford to the effect that Robert Cohen was under psychiatric care and that Hugh James Ashford need have no further fear of Robert Cohen * * *

"26. Upon information and belief, the defendants, Nassau County Police Department, Suffolk County Police Department, Nassau County Sheriff's Office, Suffolk County Sheriff's Office, acting individually or jointly, negligently and recklessly failed to execute the arrest warrant and apprehend Robert Cohen for a period in excess of six (6) months, despite knowing of his dangerous nature and his threats to kill Hugh James Ashford, and others * * *

"28. Upon information and belief, the shooting and resulting injuries were due entirely to the negligence, carelessness, and recklessness of the defendants, their agents, servants, and/or employees in recklessly and carelessly exposing plaintiff's intestate to peril and danger, in failure to protect him by carrying out the lawful process of the Court to arrest Robert Cohen, and in negligently and carelessly creating a false impression of safety and lack of danger, lulling plaintiff's intestate into a false sense of security."

After issue was joined, the Suffolk County defendants cross-moved for summary judgment dismissing the complaint for failure to state a cause of action. In their supporting affirmation, they argued that the facts and circumstances failed to demonstrate that they had a special duty to protect the decedent from Cohen. After initially denying the cross motion as to all of these defendants, Special Term, upon granting reargument, dismissed the complaint as against the Suffolk County Sheriff's office. In all other respects, it adhered to its original determination.

Initially, we note that the movants submitted no affidavit by

Assistant District Attorney Robert Curran or from anyone in the District Attorney's office or from the Suffolk County Police Department.

Contrary to the contentions of the remaining Suffolk County defendants on this appeal, we conclude that a liberal reading of the complaint indicates that a special relationship existed between the municipality and the decedent such that he had a reasonable expectation of receiving police protection from Cohen, who was known to have violent propensities in view of his initial assault upon the decedent (see, e.g., Browne v Town of Hempstead, 110 AD2d 102, appeal dismissed 67 NY2d 647; cf. Riss v City of New York, 22 NY2d 579; see also, Sorichetti v City of New York, 65 NY2d 461, 469; Schuster v City of New York, 5 NY2d 75). This is so especially in view of the unrebutted allegedly false assurances of safety given to the plaintiff's decedent by Assistant District Attorney Curran which constitutes positive involvement of Suffolk County's law enforcement officials.

On this record it cannot be concluded that the remaining Suffolk County defendants sufficiently established their defense to this action to warrant the court, as a matter of law, to grant summary judgment in their favor (see, Krupp v Aetna Life & Cas. Co., 103 AD2d 252). Mangano, J. P., Brown, Rubin and Spatt, JJ., concur.